15-2537
Ramjiawan v. Lynch

BIA
Montante, IJ
A089 010 600

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of August, two thousand sixteen.

PRESENT:
        JON O. NEWMAN,
        DENNIS JACOBS,
        GERARD E. LYNCH,
            *Circuit Judges.*

_____

SOHAN RAMJIAWAN, AKA DAVE
RAMJIAWAN,
        *Petitioner,*

        v.                                          15-2537
                                                    NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Samuel N. Iroegbu, Albany, New York.

FOR RESPONDENT:        Benjamin C. Mizer, Principal Deputy
                       Assistant Attorney General; Cindy S.
                       Ferrier, Assistant Director; Matt A.
                       Crapo, Attorney, Office of
                       Immigration Litigation, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Sohan Ramjiawan, a native and citizen of Guyana, seeks review of a July 28, 2015, decision of the BIA affirming a March 11, 2014, decision of an Immigration Judge ("IJ") pretermitting asylum as untimely and denying withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Sohan Ramjiawan,* No. A089 010 600 (B.I.A. July 28, 2015), *aff'g* No. A089 010 600 (Immig. Ct. Buffalo Mar. 11, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's and the BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Because Ramjiawan does not challenge the agency's pretermission of asylum, the only claims before us are withholding of removal and CAT relief. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005)

2

(explaining that claims not raised in a brief are abandoned). Ramjiawan asserted that he was threatened and that he fears harm in Guyana because his cricket team won a cricket match in 2003.

A valid past persecution claim can be based on harm other than threats to life or freedom, "includ[ing] non-life-threatening violence and physical abuse," *Beskovic v. Gonzales*, 467 F.3d 223, 226 n.3 (2d Cir. 2006), but the harm must be sufficiently severe, rising above "mere harassment," *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006). In evaluating a past persecution claim, the agency must consider the harm suffered in the aggregate. *Poradisova v. Gonzales*, 420 F.3d 70, 79-80 (2d Cir. 2005).

The agency did not err in finding that Ramjiawan's experiences in Guyana did not rise to the level of persecution. His claim of past persecution rested on unfulfilled threats directed at him, and an assault on his brother-in-law. These incidents, even considered cumulatively, did not constitute persecution against Ramjiawan. *See Ci Pan v. U.S. Att'y General*, 449 F.3d 408, 412-13 (2d Cir. 2006) (recognizing that unfulfilled threats do not amount to persecution); *Tao Jiang v. Gonzales*, 500 F.3d 137, 141 (2d Cir. 2007) (providing that asylum applicant cannot establish persecution based on harm to

3

a family member unless the applicant was "within the zone of risk when the family member was harmed, and suffered some continuing hardship after the incident.").

Absent past persecution, an alien may establish eligibility for withholding of removal and CAT relief by demonstrating a likelihood of future persecution and torture. 8 C.F.R. § 1208.16(b)(2), (c)(2); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178, 184-85 (2d Cir. 2004). The agency reasonably found that Ramjiawan's claim of a likelihood of persecution and torture was speculative. *See Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record . . . , [an applicant's] fear is speculative at best").

Ramjiawan failed to identify with specificity the group he claims will harm him in Guyana—he first testified that a 12-man rival cricket team threatened him and later that a large unnamed gang operating throughout Guyana threatened him. Ramjiawan did not claim to have been threatened in over a decade. Moreover, he did not corroborate his assertions that gang members looked for him at his brother's house in Guyana in 2011, or that the gang that threatened him operates throughout Guyana.

4

Based on this record, the agency reasonably found that Ramjiawan had not demonstrated a likelihood of persecution or torture so as to establish his eligibility for withholding of removal and CAT relief.  *See* 8 C.F.R. § 1208.16(b)(2), (c); *see also Ramsameachire*, 357 F.3d at 178, 184-85; *Jian Xing Huang*, 421 F.3d at 129.  We need not consider the agency's alternative basis for denying withholding of removal: that Ramjiawan failed to demonstrate that the harm he suffered and the fears he had were on account of a protected ground.  *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, the petitioner's motion for a stay of removal is DENIED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5